UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60946-CIV-COHN/SELTZER

KATHERINE W. YOUNG,

    Plaintiff,

v.

AMERIFINANCIAL SOLUTIONS, LLC,

    Defendant.
_____/

**AMENDED ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION**

**THIS CAUSE** is before the Court upon Defendant AmeriFinancial Solutions, LLC's ("AmeriFinancial's") Motion to Dismiss with Prejudice for Lack of Subject Matter Jurisdiction [DE 23] ("Motion to Dismiss").  The Court has considered the Motion to Dismiss, Plaintiff's Opposition [DE 32], Defendant's Reply [DE 36], and is otherwise fully advised in the premises.

**I. BACKGROUND**

Plaintiff filed this action against Defendant on May 18, 2012.  Compl. [DE 1].  The Complaint alleges that Defendant failed to disclose its status as a debt collector in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(e)(11), and failed to disclose its identity in violation of 15 U.S.C. § 1692(d)(6).

On July 30, 2012, Defendant served on Plaintiff an Offer of Judgment [DE 23-1] ("Offer") pursuant to Federal Rule of Civil Procedure 68(a).  In the Offer, Defendant proposed

> "to allow Judgment to be entered against it in this action in the amount of $1,001.00 including all of Plaintiff's claims for relief, as well as all reasonable

> fees and costs incurred to date by the Plaintiff to be decided by the Court."
> Plaintiff has not accepted the Offer.
> [DE 23-1 at 1].

In the instant Motion to Dismiss, Defendant seeks dismissal of both claims for lack of subject matter jurisdiction.  Defendant contends that the action is moot because the Offer would grant Plaintiff more than the full amount of relief that Plaintiff could obtain under the FDCPA.  See Mot. to Dismiss at ¶¶ 4-5.  For the reasons discussed below, the Motion to Dismiss will be granted, and judgment will be entered on all claims.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 68 provides that, at least fourteen days before trial, a defending party may serve a plaintiff with an offer to allow a judgment on specified terms.  Fed. R. Civ. P. 68(a).  Whether or not the plaintiff accepts the offer, "generally, an offer of judgment providing the plaintiff with the maximum allowable relief will moot the plaintiff's FDCPA claim."  Moten v. Broward Cnty., No. 10-62398-CIV, 2012 WL 526790, at *2 (S.D. Fla. Feb. 16, 2012) (quoting Moore v. Hecker, 250 F.R.D. 682, 684 (S.D. Fla. 2008)); see also Mackenzie v. Kindred Hosp. E., LLC, 276 F. Supp. 2d 1211, 1218-19 (M.D. Fla. 2003) (dismissing FLSA claim as moot after plaintiff rejected Rule 68 offer where offer exceeded amount plaintiff could have received at trial); Ambalu v. Rosenblatt, 194 F.R.D. 451, 453 (E.D.N.Y. 2000) (same).

Therefore, "Rule 68 offers can be used to show that the court lacks subject-matter jurisdiction."  Pollock v. Bay Area Credit Serv., LLC, No. 08-61101-CIV, 2009 WL 2475167, at *5 (S.D. Fla. Aug. 13, 2009); see also Greisz v. Household Bank (Ill.), N.A., 176 F.3d 1012, 1015 (7th Cir. 1999) (offer of judgment that encompasses the relief claimed "eliminates a legal dispute upon which federal jurisdiction can be based,"

because "[y]ou cannot persist in suing after you've won"). In order to qualify as an offer of full relief, however, it must include an offer to have judgment entered against the defendant. See Zinni v. ER Solutions, Inc., No. 11-12413, 2012 WL 3641911 (11th Cir. Aug. 27, 2012).

### III. ANALYSIS

In both counts of the Complaint, Plaintiff seeks relief under the FDCPA. The FDCPA provides that damages in an action brought by an individual shall not exceed $1,000.00. 15 U.S.C. § 1692(k)(2)(A). The Act further states that a successful plaintiff may collect "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692(k)(3).

Plaintiff argues that Defendant's Offer does not satisfy the requirements of Rule 68 because it fails to request an entry of judgment. The Court would direct attention to the language of the Offer, in which Defendant "hereby offers to allow Judgment in this action to be entered against it . . . ." Offer at 1. Furthermore, as Defendant points out, Rule 68 Offers of Judgment are generally considered self-executing. See, e.g., Webb v. James, 147 F.3d 617, 621 (7th Cir. 1998) (holding that Rule 68 requires that the clerk 'shall enter judgment,' thereby removing discretion from the court as to whether to enter judgment upon filing of an accepted offer). The Court finds that Defendant's Offer of Judgment specifically called for an entry of judgment against Defendant, and was in full compliance with the requirements of Rule 68.

Plaintiff also contends that Defendant's Offer was not an offer for full relief because it improperly caps attorney's fees to those accrued as of the date of the offer. Offers for judgment on FDCPA claims must also allow, at the court's discretion, for the

3

Plaintiff's attorney to recover costs that accrued after the offer was made. See McKenna v. Nat'l Action Fin. Serv., Inc., No. 07-60889-CIV, 2008 WL 2389016, at *1 (S.D. Fla. June 10, 2008). Defendant does not dispute that Plaintiff is entitled to costs that arise after the date of the offer. Instead, Defendant argues that the language of the Offer refers to all costs incurred by the Plaintiff as of the time of accepting the offer and filing a motion with the Court to determine the amount of costs and attorneys' fees.

The Court agrees with Defendant. The plain language of the Offer does not attempt to cut off attorneys' fees as of the date of the Offer. Rather, it permits the parties to file motions with the Court to determine the amount of fees. Any motion for costs may include those costs that accrued after the Offer was made.

The only remaining question is whether judgment should be entered, despite the fact that Plaintiff refused the Defendant's Offer. As noted by the court in Mackenzie, 276 F. Supp. 2d at 1219, it would be difficult to see how the plaintiff's claim could become moot if she does not receive relief. Therefore, this Court finds that judgment will be entered for the Plaintiff in accordance with the terms of Defendant's Offer.

The Court will enter a judgment in Plaintiff's favor on all counts of the Complaint for $1,001 in damages. Because this judgment will provide Plaintiff with the maximum allowable relief on her claims, the action will be moot and the Court will no longer have subject matter jurisdiction over the suit. Accordingly, the Defendant's Motion to Dismiss will be granted.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant AmeriFinancial Solutions, LLC's

Motion to Dismiss with Prejudice for Lack of Subject Matter Jurisdiction [DE 23] is

**GRANTED**.  The Court will enter a separate Judgment consistent with this ruling.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 5th day of September, 2012.

Copies provided to:
Counsel of record via CM/ECF

JAMES I. COHN
United States District Judge